UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-cv-00113-WWB-DCI

MAQUE WILLIAMS,

 *Plaintiff*,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

 *Defendant.*

_____/

## MAQUE WILLIAMS' MOTION FOR PROTECTIVE ORDER

Maque Williams, Morgan & Morgan, Daniel Morgan, Esq. and Michael Peacock, Esq. pursuant to Fed. R. Civ. P. 26(c), 45(d), and ECF No. 14, move this Court to quash Progressive's February 19, 2025 Subpoena served on Morgan and Morgan and/or Daniel Morgan, Esq. and Michael Peacock, Esq., Plaintiff's underlying counsel, and enter a protective Order against the subpoena's improper requests which seek irrelevant information and materials protected from discovery. *See* Ex. A, Subpoena; Ex. B, Objections to Subpoena.[1]

---

[1] Plaintiff has standing to seek a protective order because she has a "personal right or privilege with respect to the subject matter of the subpoena." *Barrington v. Mortage IT, Inc.*, No. 07-61304-civ, 2007 WL 4370647, *1 (S.D. Fla. Dec. 10, 2007) (internal quotations omitted). The materials sought contain highly sensitive material, including attorney-client communications, Plaintiff's personal information, and her medical records. *See id.* (holding that plaintiff had standing under Rule 45 because the requested "records likely contain[ed] highly personal and confidential information, such as social security numbers, medical information . . . and information about family members").

Case No.: 6:25-cv-00113-WWB-DCI

The subpoena must be quashed because it demands production from separate recipients on its face, and through its definitions, seeks materials from non-recipients to the subpoena rather than the recipient. Ex. A, p. 4 ("You" definition, "current and former employees" of all of Morgan & Morgan).

The subpoena is also overbroad in scope. The issue in this case is whether Progressive failed to settle Plaintiff's claim when it could and should have. Communications between the parties are appropriately discoverable. What is neither appropriate nor proportional is discovery of "all" documents "related to" or "regarding" "treatment and/or settlement."[2] Progressive seeks every document in underlying counsels' files, without distinction for its content or privilege, and demands production of everything from "calendar entries" to "file memos" and "call logs" without consideration for relevance. Because attorney's files contain both irrelevant and privileged materials, courts repeatedly explain such subpoenas are frequently sanctionable. *See* Ex. C, Composite of Orders quashing similar subpoenas.[3]

For example, Request No. 3 seeks attorney-client protected materials (i.e., records of calls with clients regarding settlement), work-product materials containing attorney mental impressions (i.e., records of calls consulting with other attorneys). Progressive cannot demonstrate a need for work-product, nor is there a basis to intrude into attorney-communications or mental impressions. *See Ford v. Gov't Employees Ins.*

---

[2] Selecting documents that may be "regarding settlement" intrudes upon counsel's mental impressions. Fed. R. Civ. P. 26(b)(3)(A)-(B); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985).

[3] Many of the Orders in Composite Exhibit C involve Progressive's counsel in this case.

Case No.: 6:25-cv-00113-WWB-DCI

*Co.*, No. 1:14CV180-MW/GRJ, 2015 WL 11109370 at *1 (N.D. Fla. Aug. 28, 2015).

Progressive even demands fee agreements, billing entries, and other privileged (and

irrelevant) materials.

Plaintiff respectfully requests an Order quashing or limiting the Subpoena, entry

of a Protective Order, and an opportunity to more fully brief the issues contained

within this Motion, in addition to any relief this Court deems fit and appropriate.

### CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has

conferred with counsel for Progressive American Insurance Company, by telephone

on April 2, 2025, and Progressive American Insurance Company objects to the relief

requested herein.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
301 East Pine Street, Suite 790
Orlando, FL 32801
407-380-9312
407-601-7905 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
smarino@vpm-legal.com
cjimenez@vpm-legal.com
**Jacob M. Schuster, Esq.**
Florida Bar No. 1030981
jschuster@vpm-legal.com
*Counsel for Maque Williams*

Case No.: 6:25-cv-00113-WWB-DCI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by

CM/ECF on April 4, 2025, on all counsel or parties of record listed below.

Megan E. Alexander, Esq.
Carlos G. Gomez, Esq.
Olivia C. Lewis, Esq.
Young, Bill, Boles, Palmer, Duke
& Thompson, P.A.
401 E. Jackson Street, Suite 2950
Tampa, Florida 33602
813-603-3006
813-603-3011 facsimile
malexander@flalawyer.net
cgomez@flalawyer.net
olewis@flalawyer.net
*Counsel for Defendant*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**