**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MAQUE WILLIAMS,**

              **Plaintiff,**

v.                                                                                              Case No: 6:25-cv-113-WWB-DCI

**PROGRESSIVE AMERICAN
INSURANCE COMPANY.,**

              **Defendant.**

---

**ORDER**

Pending before the Court is Plaintiff's "Motion to Compel Supervisor's Personnel Files." Doc. 31 (the Motion). Specifically, Plaintiff seeks to compel Defendant to produce "personnel files" for Steven Wolford (Wolford) and Jessical McMurry (McMurry) "for the period they supervised [Defendant's] claim handlers involved in [Plaintiff's] claim." *Id*. The Motion is due to be granted but only in part.

As an initial matter, the title of Plaintiff's Motion is misleading because Plaintiff did not request Wolford's and McMurry's "personnel files." The Request for Production (RFP) at issue and Defendant's Response are as follows:

> RFP NO. 10: Performance evaluations, peer reviews, statistical reviews, and other data (such as documentation of bonuses and any performance-based incentives) pertaining to job performance of Your employees, claim handling personnel, supervisors, managers, teams, offices, and in-house counsel more than incidentally involved with the Claims, from 2016 through 2022. This request does not seek Your employees' personal or private information (i.e., social security numbers, bank account information, or medical information).
>
> RESPONSE: Progressive objects to Request No. 10 as overbroad, vague, and ambiguous because it fails to properly identify the individuals that are the target of the discovery request by defining or describing what is meant by "more than incidentally involved in handling the Claims." Progressive further objects to Request No. 10, as it fails to describe with reasonable particularity what is meant

> by "statistical reviews" and "other data." Also, Progressive objects to Request No. 10 as overbroad in time, as it seeks the requested materials for a period of over six years and without regard to the relevant time that the subject employee was handling or working on the claim. Any records in the Progressive employees' personnel file subsequent to their involvement in the claim can have no possible bearing on this case. Ellison v. GEICO Gen. Ins. Co.¸2012 WL 12865220, at *2 (S.D. Fla. Feb. 17, 2012); Maharaj v. GEICO Cas. Co., 289 F.R.D. 666, 672 (S.D. Fla. 2013). Further, Progressive object to this Request because it seeks materials that are irrelevant to the Parties' claims and defenses and not proportional to the needs of the case. The ultimate issue in this case is whether Progressive could and should have settled Plaintiff's BI claim within the BI policy limits, and whether Progressive had a realistic opportunity to settle within the available policy limits. See Fla. Std. Jury Inst. 404.4 (Civ.). Moreover, the requested personnel documents are not proportional to the needs of this case because disclosure of same would result in an undue invasion of privacy. See Gov't Emps. Ins. Co. v. Prushansky, 2013 WL 499382, at 10 *2 (S.D. Fla. Jan. 4, 2013); Maharaj, 289 F.R.D. at 673; Niagara Distrib., Inc. v. Northern Ins. Co. of NY, 2011 WL 13097089, at *3 (S.D. Fla. May 25, 2011); Allstate Ins. Co. v. Ray, 347 So. 3d 551, 553-54 (Fla. 2d DCA 2022); CAC-Ramsay Health Plans, Inc. v. Johnson, 641 So. 2d 434, 435 (Fla. 3d DCA 1994). Any purported relevance of the information within the requested personnel files does not outweigh the resulting invasion of privacy to the Progressive employee, especially given that this information can be obtained in a less intrusive and burdensome manner (i.e., deposition). Progressive specifically objects to the production of "salary and bonus information" as an undue invasion of privacy and completely irrelevant to the claims and defenses in this case and not proportional to the needs of the case. In accordance with the foregoing objections, Progressive will agree to produce the performance evaluations of Jackie Lyda from 2016 to 2018 and Christa Calapa from 2018 to 2019, conditioned upon Plaintiff's execution of a confidentiality agreement to prevent inappropriate dissemination of these materials to third parties. A proposed confidentiality agreement will be provided.

Doc. 31-1 at 8 to 9.

Plaintiff argues that the Court should compel Defendant to produce responsive documents because it "will lead to the discovery of relevant information regarding [Defendant's] supervision and control of the employees, as well as its supervisors' competence, and [Defendant's] awareness of the supervisor's shortcomings."  Doc. 31 at 2.  While the undersigned agrees with Defendant that this argument is a non-starter because there is no allegation in the Complaint regarding the failure to supervise or train or regarding the supervisors' competence (*See* Doc. 1-1), the Court is

persuaded by Plaintiff's other more implicit argument that certain information from a supervisor's file may be relevant in a bad faith claim—the only count in the Complaint—under certain circumstances that are present in this case.

In bad faith claim actions in general, courts have found that documents regarding the insurer's employee's "job performance, compensation, evaluation, discipline training, educational background, work duties and hours of work to be relevant." *Wiggins v. Gov't Emps. Ins. Co.*, 2017 WL 3720952, at *3 (M.D. Fla. July 10, 2017). As one court in this district explains, however, "these documents are only relevant if they pertain to 'individuals who had more than incidental or minimum contact with Plaintiff's [insurance] claim for a reasonable time.'" *Lesniak v. Geico Gen. Ins. Co.*, 2020 WL 5877892, at *3 (M.D. Fla. May 7, 2020) (quoting *Wiggins*, 2017 WL 3720952, at *3) (citing *Maharaj v. GEICO Cas. Co.*, 289 F.R.D. 666, 672-73 (S.D. Fla. 2013) (granting plaintiff's motion to compel as to the personnel file of the adjuster who handled plaintiff's claim, while denying it as to adjusters who did not have more than incidental or minimal involvement in handling the claim); *Moss v. Geico Indem. Co.*, 2012 WL 682450, at *5 (M.D. Fla. Mar. 2, 2012) (allowing plaintiff to discover personnel files from adjusters, representatives, and examiners who had more than minimal involvement with plaintiff's claim and limiting the discovery to information "concerning the employees' training, competence, abilities, shortcomings, accolades and disciplinary history"); *Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire. Ins. Co.*, 2011 WL 4596060, at *12 (M.D. Fla. Oct. 3, 2011) (compelling production of the personnel files for adjusters and **supervisors** who worked on a plaintiff's claim) (emphasis added).

And here, Defendant's own response to Plaintiff's interrogatory reflects that Wolford and

McMurry had more than incidental or minimum contact with Plaintiff's claim. Plaintiff's interrogatory and Defendant's response are as follows

> INTERROGATORY NO. 2: Please identify the person(s), entities, or claims handling teams or offices who directly and more-than-incidentally participated in the adjustment, investigation, or evaluation of Claims. a. For each person, entity, or claim handling team or office please briefly describe the nature and length of their involvement. b. For each team or office identified in response to this interrogatory or any sub-part, please identify the individual members of the team or office, as well as the nature and length of each individual's involvement in the team and/or office. c. If any person identified in response to this interrogatory or any subpart is no longer employed by You, please provide each person's last known residence address and present business address, dates of employment, and telephone number.
>
> RESPONSE: Progressive objects to Interrogatory No. 2 as vague and ambiguous, as it does not describe with reasonable particularity what is meant by "directly and more than incidentally participated" and is otherwise unclear. Indeed, Plaintiff likely has a different definition of the words, "directly and more than incidentally participated," than does Progressive. Progressive also objects to Interrogatory No. 2 as overbroad in scope and time, as the request is not limited to the issues in this bad faith action or the relevant time period for this claim, which runs from August 10, 2016, the date of the accident, through October 18, 2022, the date of the Final Judgment in the underlying lawsuit. Moreover, Progressive objects to Interrogatory No. 2 as irrelevant, immaterial and unproportional because it seeks information about individuals who were not materially involved in handling the BI claim. Progressive also objects to Interrogatory No. 2 pursuant to Fed. R. Civ. P. 33(d).
>
> The burden of deriving or ascertaining the answer to Plaintiff's Interrogatory No. 2 will be substantially the same for either party. Plaintiff may locate the information sought within the relevant, non-privileged, and discoverable portions of Progressive's claim file, which has been produced contemporaneously with Progressive's Response to Plaintiff's First Request for Production. See PRG 01-03798. Plaintiff can ascertain the sought after information through less burdensome means, i.e. deposition. Progressive would also direct Plaintiff to its Rule 26(a)(1) Initial Disclosures. Progressive specifically objects to subparagraph (b) as seeking information that is irrelevant to any party's claim or defense and not proportional to the needs of the case, as it seeks the "individual members" of the "team" or "office" of the persons identified in subparagraph (a), and the length of "each" individual's involvement, without regard to whether that individual was involved in the handling of the underlying claim. In accordance with the foregoing objections, and in a good faith effort to respond to Interrogatory No. 2, the principal individuals involved in the handling of the underlying claim during the relevant time frame are listed below:

| Name | Job Title | Participation | Last Known Address & Telephone |
|---|---|---|---|
| *** | | | |
| Jessica McMurry | Claim Supervisor | Involved in the handling of the underlying claim as a claims supervisor from approximately July 18, 2017 to December 4, 2017. Ms. McMurry's involvement in the underlying claim can be derived from the claims notes and claim file materials during the timeframe of Ms. McMurry's involvement, which has been produced in response to Plaintiff's First Request for Production. *See* PRG 01-03798. | Presently employed with Progressive |
| *** | | | |
| Steven Wolford | Claim Supervisor | Involved in the handling of the underlying claim in a capacity of a claims supervisor from approximately May 14, 2018 to April 10, 2019. Mr. Wolford's involvement in the underlying claim can be derived from the claim notes and claim file materials during the timeframe of Mr. Wolford's involvement, which has been produced in response to Plaintiff's First Request for Production. *See* PRG 01-03798. | Presently employed with Progressive |

Doc. 31-1 at 2.

So, Plaintiff limited the interrogatory to individuals who had direct and "more-than-incidentally participated" in the claim (thereby excluding the type of information courts have ruled to be non-discoverable), and Defendant identified supervisors Wolford and McMurry as the "*principal individuals* involved in the handling of the underlying claim." Doc. 31-1 at 3 to 4 (emphasis added). Also, the chart reflects that both supervisors handled the claim. *Id*. at 4 to 5.

Notably, in the response to the interrogatory, Defendant directs Plaintiff to its Initial Disclosures wherein Defendant again identifies Wolford and McMurry as "Progressive personnel involved in the handling of the underlying claim who may have knowledge of the clam which forms the basis of the present action." Doc. 31-1 at 4. As such, the Court is not convinced that these individuals played no "substantive role" or that Defendant "disclosed [the supervisors] solely because they were assigned to the claim," as Defendant now contends. *See* Doc. 33 at 2.

Further, the Court will not limit production based on Defendant's objection that the "personnel documents are not proportional to the needs of this case because disclosure of same would result in an undue invasion of privacy." Doc. 31-3 at 9. Again, Plaintiff specifically excluded from the RFP the "employees' personal or private information (i.e., social security numbers, bank account information, or medical information.)." *Id*. at 8. Second, Plaintiff represents that any privacy concerns are addressed through the confidentiality agreement. Doc. 31 at 3. Accordingly, Defendant's privacy objection is overruled.

While the Court does not find that the documents at issue are discoverable in all bad faith claim cases, Defendant should be compelled to turn over the information for *these supervisors* based on Defendant's own characterization of the supervisors' importance and their roles in Plaintiff's claim. But that does not mean that Plaintiff is entitled to all the requested information. In RFP No. 10, Plaintiff seeks information from 2016 through 2022 (Doc. 31-3 at 8), but then requests in the Motion that the Court compel the "personnel files" for Wolford from 2017 to 2019 and McMurry from 2016-2019. Doc. 31 at 3. Again, Plaintiff did not request the "personnel files" in RFP No. 10. In any event, Defendant represents that McMurry was only "involved" from July to December 2017 and Wolford was involved from May 2018 to April 2019. Doc. 33 at 2 fn. 1. Indeed, Defendant's chart in the response to Plaintiff's Interrogatory No. 2 reflects that McMurry

was involved in the handling of the claim from July 18, 2017 to December 4, 2017 and Wolford from May 14, 2018 to April 10, 2019. Doc. 31-3 at 4 to 5. Plaintiff makes no showing as to why the Court should compel production outside of Defendant's stated timeline. *See* Doc. 31. Accordingly, Defendant's objection is sustained to the extent Defendant challenges the temporal scope of the request.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion to Compel (Doc. 31) is **GRANTED in part** to the extent that, **on or before October 24, 2025**, Defendant is direct to produce the information responsive to RFP No. 10 as to Wolford from May 14, 2018 to April 10, 2019 and McMurry from July 18, 2017 to December 4, 2017 subject to the parties' confidentiality agreement; and

2. the remainder of the Motion (Doc. 31) is **DENIED**, including Plaintiff's request for expenses in making the Motion. *See* Fed.R.Civ.P. 37(a)(5)(C).

**ORDERED** in Orlando, Florida on October 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE